## Crawford v. Meyrovitz.

### Specific Performance.

(Decided April 18, 1907. 43 So. Rep. 789.)

*Vendor and Purchaser; Bond for Title; Cancellation.*—A bill to require the specific performance of a bond for title is not without equity because under the recitals of the bond the obligor could cancel the sale on grantee's default, in any of the installment payments of which there had been a default, as no cancellation was shown but a mere refusal to receive payment which could not amount to a cancellation without an offer to return the money already paid on the purchase.

APPEAL from Houston Chancery Court.
Heard before Hon. W. L. PARKS.
Bill by E. Meyrovitz against J. L. Crawford and others. From a decree overruling a motion to dismiss for want of equity, defendants appeal. Affirmed.

The recitals of the bond for title, so far as is necessary to be here set out, are as follows: "The purchase price of said lots is to be paid as follows: $50 in cash upon the delivery of this instrument, which is done; $100 on the 1st day of each of the following months, October, November, and December, 1904, and January, February, April and June, 1905; $166.66 on the 1st days of October and November, 1905; and $166.68 on the 1st day of December, 1905. Each of said installments shall be evidenced by note, with interest thereon at 8 per cent. per annum from date, the same to be

computed semiannually. It is further agreed that 30 days of grace shall be allowed on each installment herein set out; but, in case of failure to pay each installment within the date of maturity or grace, the grantor shall have the right to annul this contract. (Here follows the clause as to the execution of a warranty deed, etc.) It is agreed that the said E. Meyrovitz shall take immediate possession of all of the land above described in the possession of the grantor; but such portions as are now in the possession of another person may be retained by such third person without liability for a period of two years. But the vendor herein agrees to surrender to the grantee the possession of the entire land above described within two years from the date of the execution of this contract." J. H. and Eva Reeves, the grantors in the above bond for title, and J. L. Crawford are made parties defendant.

R. D. CRAWFORD, for appellant.—Time was of the essence of the contract. If plaintiff should establish every other allegation in his bill or if every allegation in his bill be taken as true and he would be entitled to relief, then the bill is not subject to a motion to dismiss, but if not, it would be so subject.—*Blackburn v. Fitzgerald,* 130 Ala. 581. When appellee failed to make payment of the purchase money as provided in the contract and the appellant declared a forfeiture, appellee lost her rights under the contract and has no right in equity.—*Nelson v. Sanders,* 123 Ala. 615; *LeBron v. Morris & Co.,* 110 Ala. 150.

S. H. DENT, JR., and ESPEY & FARMER, for appellee.—There is nothing in the contract itself which makes time of the essence. Reeves could not annul the contract without giving appellee notice to that effect before exercising the right and without putting appellee in statu quo.—*McFadden v. Henderson,* 128 Ala. 221; *Meyers v. Lemier,* 52 N. Y. 647; 24 A. & E. Ency Law. As to whether the covenants are dependant or independant of each other, the rule is, that where mutual covenants go to the whole of the consideration on both sides,

they are mutual conditions, the one precedent to the other, but where the covenants go only to a part of the consideration, then a remedy lies on the covenant to recover damages for the breach of it, but it is not a condition precedent.—*Fullenwider v. Bowan*, 136 Ala. 287.

SIMPSON, J.— This appeal is from a decree of the chancery court overruling a motion to dismiss the bill for want of equity. The bill was filed by the appellee, and alleges that on August 9, 1904, one of the respondents, J. H. Reeves, sold the lands in question to complainant for $1,250, of which 50 was paid in cash and the remainder in deferred payments as therein described, evidenced by promissory notes. At the time of the purchase the complainant was put in possession of the lands, and the title bond set out in evidence executed by said Reeves and wife. Said title bond gives all the details of the sale, describes the notes given for deferred payments, and states: "But, in case of failure to pay each installment within the date of maturity or grace, the grantor shall have the right to annul this contract." The bill states that purchase-money notes to the amount of $500 have been paid; that on the 1st day of June, 1905, the complanant went to the said J. H. Reeves and tendered him the amount of the note that was due on that date ($166.66 2-3), and was informed by him that the note belonged to the Dothan National Bank; that she then tendered the amount to J .L. Crawford (one of the defendants), who was cashier of said bank; and that Crawford refused to accept the payment, saying that he had bought the said land, for the purchase price of which said notes were given. And it is further stated that she tendered payment to said Crawford of each of the succeeding notes as they became due, respectively, and he declined to receive payment. The bill further alleges that on the 7th day of June, 1905, while the complainant was in possession of said land, said J. H. Reeves and wife made a deed conveying said land to said J. L. Crawford. The complainant offers to pay whatever amount is due on the purchase of said lands to the party who, according to the judgment of the court, is

entitled to receive same, and prays that, upon such pay-ment, the title to said lands be vested in the complain-ant.

The motion to dismiss the bill for want of equity was overruled, and the only insistence of error against said decree made by the appellant is that under the stipu-lations of the title bond the vendor had the right to can-cel the sale if default was made in any of the payments. Appellant contends that there was a payment due on April 1st, with 30 days' grace allowed, so that it was re-ally due on May 1st, 30 days before June 1st, when the tender was made. We may concede that the vendor and his assignee had that right, and still the bill is not with-out equity, because no cancellation has been shown. The mere refusal to receive payment would not amount to a cancellation, but it would be necessary to cancel in some more formal way, and to return the money which had been paid on the purchase. The cases referred to by the appellant were on contracts worded entirely differently from this one.

The judgment of the court is affirmed.

Tyson, C. J., and Dowdell and Anderson, JJ., con-cur.